UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W.A. FOOTE MEMORIAL HOSPITAL
d/b/a ALLEGIANCE HEALTH,
a Michigan Nonprofit Corporation,    Case No.
                                      Hon.
    Plaintiff,
v.

CORIZON HEALTH, INC.
a Delaware Corporation,

    Defendant.
_____/

The Dragich Law Firm PLLC
David G. Dragich (P63234)
January A. Dragich (P63108)
17000 Kercheval Ave., Suite 210
Grosse Pointe, MI 48230
(313) 886-4550
ddragich@dragichlaw.com
jdragich@dragichlaw.com

Leo Nouhan & Associates PLC
Leo A. Nouhan (P30763)
22930 E. Nine Mile Rd.
St. Clair Shores, MI 48080
(313) 550-0304
lnouhan@nouhanlaw.com

*Attorneys for Plaintiff W.A. Foote Memorial Hospital d/b/a Allegiance Health*
_____/

# COMPLAINT

Plaintiff W.A. Foote Memorial Hospital d/b/a Allegiance Health ("Allegiance"), for its complaint against Defendant Corizon Health, Inc. ("Corizon"), states as follows:

## THE PARTIES

1. Allegiance is a Michigan nonprofit corporation with its principal place of business in Jackson, Michigan. Allegiance is a health care provider and accredited hospital.

2. Upon information and belief, Corizon is a Delaware corporation with its principal place of business in Brentwood, Tennessee. Corizon is in the business of providing health care services to state correctional facilities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the State of Michigan in Jackson County.

5. Pursuant to Section 12 of the Agreement (as defined below), Michigan law applies to all disputes between the parties.

## FACTUAL ALLEGATIONS

6. Allegiance and Corizon are both in the health care industry.

7. Effective June 13, 2011, Allegiance and Corizon entered into an agreement (as amended, restated, supplemented, or otherwise modified from time to time, the "Agreement") whereby Allegiance agreed to provide professional health care services to prison inmates under the care of Corizon, pursuant to Corizon's agreement with the Michigan Department of Corrections (the "MDOC"). A copy of the Agreement and all amendments to the Agreement are attached hereto as **Exhibit A**.

8. Pursuant to the Agreement, Allegiance provided both inpatient and outpatient health care to inmates under the control of Corizon and the MDOC. See Agreement.

9. Pursuant to the Agreement, Corizon must reimburse Allegiance for health care services in accordance with the reimbursement rates listed on Attachment 1 to the Agreement. See Agreement.

10. Pursuant to Section 2.3 of the sixth amendment to the Agreement, Corizon is required to reimburse Allegiance for services rendered within 45 days of receipt of a "clean claim." A "clean claim" is defined as "a claim that contains no defect, impropriety or lack of substantiating data that prevents timely payment." See Agreement. Further, Corizon must pay an additional twelve percent (12%) per

3

annum on claims that remain unpaid after the 45-day payment deadline. See <u>Agreement</u>.

11. Several claims for reimbursement submitted to Corizon by Allegiance remain unpaid. A statement of account on the unpaid reimbursements (the "Statement of Account") is attached hereto as **Exhibit B**. See <u>Statement of Account</u>.

12. The Statement of Account represents the bona fide amount owed by Corizon to Allegiance and does not include amounts for disputed claims or partial payments.

13. To date, Corizon has not stated an objection, nor has it disputed this amount as due and owing.

14. The claims for reimbursement, as reflected in the Statement of Account, are for clean claims, which Corizon has not denied or otherwise challenged.

15. On September 28, 2021, Allegiance corresponded with Corizon regarding the outstanding balance owed by Corizon to Allegiance. Allegiance also corresponded with Corizon regarding the outstanding balance on October 19, 2021 and November 23, 2021. Throughout those discussions, Corizon indicated that it would make payment by the end of the year.

16. Allegiance terminated the Agreement on September 29, 2021.

17. Corizon currently owes Allegiance $4,241,098, which includes the total unpaid reimbursements of health care services rendered in the amount of $3,903,229, plus interest in the amount of $337,869.

## COUNT I: BREACH OF CONTRACT

18. Allegiance realleges and incorporates by reference the allegations asserted in paragraphs 1-17 above as if fully set forth herein.

19. The Agreement is a valid and enforceable contract for services between Allegiance and Corizon.

20. Allegiance fully performed its obligations to Corizon under their contractual relationship and terms or condition of payment, including without limitation, providing all health care services required by Corizon.

21. Corizon has breached the Agreement by failing and refusing to reimburse Allegiance for the amounts due and owing to Allegiance under the Agreement.

22. Corizon's failure to reimburse Allegiance has caused, and will continue to cause, Allegiance damage.

23. Allegiance is entitled to judgment against Corizon for Corizon's breach of contract in an amount of at least $4,241,098, to be determined at trial, plus costs and accruing interest.

## COUNT II: ACTION ON ACCOUNT STATED

24. Allegiance realleges and incorporates by reference the allegations asserted in paragraphs 1-23 above as if fully set forth herein.

25. $3,903,229 remains due and owing on Corizon's account with Allegiance for reimbursement of health care services rendered, plus accrued interest pursuant to the Agreement in the amount of $337,869. See Affidavit, attached hereto as **Exhibit C**. See also, Statement of Account.

26. The unpaid reimbursements represent a true and accurate description of the amounts due and owing to Allegiance by Corizon.

27. Corizon has never objected to the amounts stated in Allegiance's claims for reimbursement as due and owing. As a result, this account has become an account stated.

28. Allegiance is entitled to a judgment against Corizon for the amount due and owing on its account with Allegiance, with accrued interest, totaling $4,241,098, plus accruing interest.

## COUNT III: UNJUST ENRICHMENT

29. Allegiance realleges and incorporates by reference the allegations asserted in paragraphs 1-28 above as if fully set forth herein.

30. To the extent Corizon would deny the existence or enforceability of an express contractual relationship with Allegiance, Allegiance brings a claim of unjust enrichment.

31. Corizon received a benefit from the health care services Allegiance provided to Corizon.

32. Corizon knows that it received a benefit from the health care services Allegiance provided to Corizon.

33. Corizon has not paid Allegiance for the benefit Allegiance conferred to Corizon.

34. Corizon has received the benefit Allegiance conferred to Corizon without paying for the benefit.

35. An inequity resulted to Allegiance because Corizon received the provision of health care services without reimbursing Allegiance for services rendered.

36. It would be unjust for Corizon to receive the benefit without reimbursing Allegiance for services rendered.

37. Allegiance is entitled to a judgment against Corizon for Corizon's unjust enrichment in the amount of at least $4,241,098, plus accruing interest.

## COUNT IV: PROMISSORY ESTOPPEL

38. Allegiance realleges and incorporates by reference the allegations asserted in paragraphs 1-37 above as if fully set forth herein.

39. To the extent Corizon would deny the existence or enforceability of an express contractual relationship or account with Allegiance, Allegiance brings a claim of promissory estoppel.

40. Corizon promised to Allegiance – through words and conduct – that it required certain health care services from Allegiance and would reimburse Allegiance for the services rendered.

41. Corizon expected Allegiance to reasonably rely on its promise and made the promise to induce Allegiance to provide health care services.

42. Allegiance reasonably relied on Corizon's promise and, therefore, Allegiance provided Corizon with health care services.

43. Corizon has not reimbursed Allegiance for the services provided to Corizon in reliance on Corizon's promise to reimburse Allegiance.

44. Corizon's promise to reimburse Allegiance for services rendered must be enforced in order to avoid injustice.

45. Allegiance is entitled to judgment against Corizon on a theory of promissory estoppel in the amount of at least $4,241,098, plus accruing interest.

**WHEREFORE**, Allegiance requests that this Court enter a judgment in favor of Allegiance and against Corizon in an amount of at least $4,241,098, plus accruing interest and award all other relief that this Court deems just and proper.

Dated: August 24, 2022　　　　　　　　Respectfully Submitted,

**THE DRAGICH LAW FIRM PLLC**

By:/s/David G. Dragich_____
David G. Dragich (P63234)
January A. Dragich (P63108)
17000 Kercheval Ave., Suite 210
Grosse Pointe, MI, 48230
(313) 886-4550
ddragich@dragichlaw.com
jdragich@dragichlaw.com

Leo Nouhan & Associates PLC
Leo A. Nouhan (P30763)
22930 E. Nine Mile Rd.
St. Clair Shores, MI 48080
(313) 550-0304
lnouhan@nouhanlaw.com

*Attorneys for Plaintiff W.A. Foote Memorial Hospital d/b/a Allegiance Health*